IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02605-CMA-MJW

SHAWN D. ALLEN,

Plaintiff,

v.

R. REYNOLDS,
R. LEYBA, and
T. FILER,

Defendants.

**RECOMMENDATION ON
MOTION TO DISMISS IN PART PURSUANT TO FED.R.CIV.P. 12(B)(6)
(Docket No. 14)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the undersigned pursuant to an Order Referring Case issued by District Judge Christine M. Arguello on November 17, 2009. (Docket No. 8).

The pro se incarcerated plaintiff, Shawn D. Allen, alleges the following in his Prisoner Complaint brought pursuant to 42 U.S.C. § 1983. (Docket No. 3). While plaintiff was housed at Arrowhead Correctional Center ("ACC"), he had an "issue" with defendant Reynold's misconduct,[1] and plaintiff thus submitted a "declaration" to defendant Warden Leyba on January 9, 2009, explaining the issue. On January 12,

---

[1] Plaintiff contends that on January 4, 2009, "Reynolds displayed such bizarre misconduct - in response to my simply using the restroom 'after' Reynolds did his count - that I felt quite uncomfortable being housed in a unit he worked." (Docket No. 3 at 4).

2009, plaintiff initiated a step one grievance against Reynolds. On January 16, 2009, plaintiff received a notice of disciplinary charges filed by Reynolds, which plaintiff claims were in reprisal for plaintiff's "declaration" and grievance as well as plaintiff's verbal threat to sue. Plaintiff was convicted of the disciplinary charge on January 21, 2009, and taken to segregation. Between January 4 and 21, 2009, Reynolds uttered snide remarks toward plaintiff. Reynolds subsequently went to plaintiff's cell and in retaliation intentionally did not pack up numerous pieces of plaintiff's personal property. On January 26, 2009, plaintiff was transferred out of ACC, and upon arrival at his new facility, he discovered he was missing some of his property.[2] The next day, plaintiff wrote to Leyba detailing Reynold's depriving plaintiff of his items, and plaintiff also filed a grievance. Both letters to Leyba were relegated to defendant Filer. Therefore, Leyba and Filer failed to supervise and displayed deliberate indifference to plaintiff's plight.

Plaintiff raises two claims for relief. In Claim One, he raises a Fourteenth Amendment due process violation as a result of Reynold's intentional, retaliatory taking of plaintiff's personal property and a First Amendment violation by Reynolds when he filed the disciplinary charge against plaintiff in retaliation for the complaints plaintiff lodged against him and plaintiff's verbal threat to sue. In Claim Two, plaintiff claims that defendants Leyba and Filer failed to supervise, were deliberately indifferent, and violated plaintiff's due process rights under the Fourteenth Amendment.

Now before the court for a report and recommendation is the defendants' Motion

---

[2]The missing property allegedly included a photo album containing 68 family photos and a book inside of which was his grandfather's obituary clipping. (Docket No. 3 at 5).

to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 14) in which they seek a partial dismissal of the Prisoner Complaint on the following grounds: (1) to the extent plaintiff asserts a "takings" claim, this claim fails to state a claim upon which relief can be granted, (2) to the extent the plaintiff is seeking compensatory damages for mental or emotional distress, his claims are barred by the Prison Litigation Reform Act, (3) plaintiff's claims against defendant Filer and Leyba fail to state a claim upon which relief can be granted, and (4) in the alternative, to the extent that plaintiff is attempting to assert and Eighth Amendment claim, he fails to state a claim upon which relief can be granted. Plaintiff has not filed a response to the defendants' motion to dismiss. The court has considered the motion, applicable Federal Rules of Civil Procedure and case law, and the court's file. The court now being fully informed, makes the following findings, conclusions, and recommendation.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleadings have been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

**Takings Claim**

Defendants correctly note that it is not entirely clear whether the plaintiff is attempting to assert a claim for damages based upon the alleged confiscation and loss

of his personal property. Defendants assert that to the extent that he is attempting to assert such a claim, such claim fails to state a claim upon which relief can be granted. This court agrees.

It is well established that "[t]he intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). See Bridgeforth v. Ramsey, 1999 WL 992978, *1 (10th Cir. Nov. 2, 1999) ("Even if the seizure of a prisoner's property is improper, an intentional deprivation of property does not give rise to a Fourteenth Amendment due process claim if adequate state post-deprivation remedies are available.") (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984); Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990)); Kartiganer v. Huerfano County, Colo., 2009 WL 440971, *1 (D. Colo. Feb. 19, 2009). Plaintiff here had adequate state remedies available to him to contest the alleged property deprivations, see Durre, 869 F.2d at 547, such as a conversion claim if he complies with the requirements of the Colorado Governmental Immunity Act. Therefore, to the extent plaintiff is seeking to assert a takings claim, it is recommended that such claim be dismissed with prejudice.

**Compensatory Damages for Mental or Emotional Distress**

Defendants next assert that to the extent that plaintiff is seeking compensatory damages for mental or emotional distress, his claims are barred by the Prison Litigation Reform Act ("PLRA"), namely, 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Tenth Circuit has held that

> [t]he plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted. The underlying substantive violation . . . should not be divorced from the resulting injury, such as "mental or emotional injury," thus avoiding the clear mandate of § 1997e(e). The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental emotional.

Searles v. VanBebber, 251 F.3d 869, 876 (10th Cir. 2001).

Here, defendants correctly assert that the plaintiff has failed to allege any physical injury, and thus any claim for compensatory damages for mental or emotional injuries fails as a matter of law pursuant to the PLRA. Under existing precedent, any claim for nominal or punitive damages and injunctive relief would survive. Id. at 878-79; Phillips v. Steinbeck, 2008 WL 821789, 21 (D. Colo. Mar. 26, 2008) ("Based on the prior precedents of the Tenth Circuit, this Court holds that § 1997e(e) does not bar Plaintiff's claims for injunctive relief or punitive and nominal damages based on the alleged violations of Plaintiff's right of access to the courts and Eighth Amendment rights.") (Recommendation by Magistrate Judge Mix accepted by Judge Miller).

**Personal Participation**

In Claim Two, plaintiff alleges that both Filer and Leyba had knowledge of Reynold's history of violating other prisoners' rights, and having been alerted by plaintiff of Reynold's misconduct of January 4, 2009, failed to address the issue property. Plaintiff claims that the opportunity for Reynolds to once again retaliate and deprive plaintiff of his property on January 21, 2009, would not have existed had Filer and

Leyba properly and adequately supervised their subordinate. Rather than properly addressing the concerns plaintiff detailed in his letters to Leyba, responded to by Filer, "defendant elected to give carte blanch to Reynolds and deliberate indifference to [plaintiff's] situation." (Docket No. 3 at 6). In addition, plaintiff's January 28, 2009, letter complained about the property issue, and rather than deal with Reynold's "obvious malfeasance," "both Leyba and Filer endeavored to undermine and stultify [plaintiff's] complaint. Failure to supervise subsequent to being apprised of Reynolds unlawful act of depriving [plaintiff] of [his] property in response to [his] complaints." (Docket No. 3 at 6).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). As the Tenth Circuit has stated:

> Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. "[T]here is no concept of strict supervisor liability under § 1983." . . . "This does not mean that a supervisor may not be liable for injuries caused by the conduct of one of his subordinates. It does mean that his liability is not vicarious, that is, without fault on his part." . . . .
>
> Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" . . . In short, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist

between the supervisor and the constitutional violation." . . . .

In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. . . .

Serna v. Colorado Dep't of Corrections, 455 F.3d 1146, 1151-52 (10th Cir. 2006) (citations omitted).

Reading the Prisoner Complaint in the light most favorable to the plaintiff, this court finds that the plaintiff has not alleged the requisite affirmative link between the conduct of supervisors Leyba and Filer and the alleged constitutional violations by Reynolds. Allegations that plaintiff sent Warden Leyba a grievance and/or correspondence is not sufficient to establish personal participation in a constitutional violation. See Walker v. Meyer, 2009 WL 961490, *4 (D. Colo. Apr. 7, 2009) ("[M]ere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights. . . . The 'mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct.'") (quoting Boles v. Dansdill, 2007 WL 2770473 , *4 (D. Colo. Sept. 20, 2007)). "To hold a supervisory prison official liable on the basis of communications he received, 'would be to hold any well informed [prison official] personally liable for damages flowing from any constitutional violation occurring at any jail within that [official's] jurisdiction. We believe that such a broad theory of

liability is inconsistent with the personal responsibility requirement for . . . a section 1983 action.'" Id. (quoting Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982)).

This court thus finds that the Prisoner Complaint lacks allegations sufficient to establish supervisory liability or personal participation by Leyba and Filer under controlling law. Therefore, it is recommended that Claim Two of the Prisoner Complaint be dismissed with prejudice. Based upon this recommendation, and in the interest of judicial economy, the court will not address the fourth ground for partial dismissal (that plaintiff has failed to state an Eighth Amendment claim in Claim Two).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 14) be granted, and, therefore, that the Claim Two be dismissed with prejudice, that defendants Leyba and Filer thus be removed from the caption, and that plaintiff's claims for the "taking" of his personal property and for compensatory damages for emotional or mental injuries be dismissed with prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: March 15, 2010  s/ Michael J. Watanabe
      Denver, Colorado  Michael J. Watanabe
                                               United States Magistrate Judge