IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02605-CMA-MJW

SHAWN D. ALLEN,

    Plaintiff,

v.

R. REYNOLDS,
R. LEYBA,
and T. FILER,

    Defendants.

---

**ORDER REGARDING MARCH 15, 2010 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on the March 15, 2010 Recommendation by Magistrate Judge Watanabe (Doc. # 22) that Plaintiff's Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 14) be granted.

On April 1, 2010, Plaintiff filed an objection to this Recommendation. (Doc. # 29.) In light of the objection, the Court has conducted the requisite *de novo* review of the issues, the recommendation, and Plaintiff's objections.

**BACKGROUND**

The facts are detailed within the recommendation, which the Court incorporates herein. The Court will provide only a brief overview of the facts and procedural history and will expand on them, if necessary, within the analysis.

Plaintiff Shawn Allen, appearing *pro se*, was incarcerated at Arrowhead Correctional Center when the events giving rise to this lawsuit occurred. (Doc. # 3 at 3.) Plaintiff is suing under 42 U.S.C. § 1983.[1] (*Id.*) Plaintiff alleges that Defendant Reynolds retaliated against him after Plaintiff filed a grievance against Reynolds. (*Id.* at 4.) Defendant Reynolds allegedly retaliated by taking some of Plaintiff's personal property, in violation of the First and Fourteenth Amendments. (*Id.*) He is also suing Defendants Leyba and Filer for failing to supervise Defendant Reynolds and, thus, allowing these constitutional violations to occur. (*Id.* at 6.)

On January 19, 2010, Defendants filed a Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: (1) as to his claim against Defendant Reynolds, Plaintiff fails to state a takings claim; (2) any claim for compensatory damages is barred by the Prison Litigation Reform Act; (3) his claims against Defendants Filer and Leyba fail to state a claim; (4) and, alternatively, if Plaintiff is asserting an Eighth Amendment claim, he fails to state a claim. (Doc. # 14.) Defendants did not challenge Plaintiff's First Amendment claim against Defendant Reynolds. Plaintiff did not file a response to

---

[1] The part of 42 U.S.C. § 1983 at issue provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Defendants' motion. The Magistrate Judge issued his recommendation on March 15, 2010. (Doc. # 22.) On April 1, 2010, Plaintiff objected to that recommendation. (Doc. # 29.)

## DISCUSSION

**A. STANDARD OF REVIEW**

    1.    Recommendation of Magistrate Judge

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

    2.    *Pro Se* Plaintiff

The Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as advocate for a pro se litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3. Rule 12(b)(6) Motion

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1175, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that" the alleged claim might have occurred. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citation and quotation marks omitted).

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations" without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

4

**B.     ANALYSIS**

The Court will consider each of Defendants' arguments in turn.

1.     Failure to State a Takings Claim

Defendants' first argument is that Plaintiff's takings claim against Defendant Reynolds fails to state a claim upon which relief can be granted.  Specifically, they argue that this claim is barred because adequate state and administrative post-deprivation remedies exist.  (Doc. # 14 at 3.)

Defendants' argument turns on whether the remedy is adequate.  "[I]f adequate state post-deprivation remedies are available," then intentionally depriving someone of property is not a violation of the Fourteenth Amendment.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  An inmate grievance procedure is an adequate post-deprivation remedy if it is in compliance with 42 U.S.C. § 1997e.  *Hudson*, 468 U.S. at 536 n.15.  The Tenth Circuit requires a plaintiff to plead that these remedies are inadequate for the claim to survive a Rule 12(b)(6) motion.  *Montana v. Hargett*, 84 Fed. Appx. 15, 17 (10th Cir. 2003) (unpublished) (citing *Durre*, 869 F.2d at 548).  If such a remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack."  *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir. 1991).  In order to overcome this presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate."  *Id.*

The Magistrate Judge found that there are adequate state post-deprivation processes and, thus, recommended that Plaintiff's takings claim be dismissed. (Doc. # 22 at 5.) Plaintiff objects to this recommendation, stating that he filed a grievance and he attempted to initiate a "small claims suit" but was denied because he could not pay the summons fee. (Doc. # 29, ¶ 10.) From the documentation submitted by Plaintiff, the Court cannot discern the reason that the state court denied Plaintiff's request to proceed without paying the summons fee. Regardless, the Court need not address the issue whether Plaintiff's Colorado state court remedy was inadequate due to this denial, because the Court finds that the Colorado inmate grievance procedures comply with 42 U.S.C. § 1997e and provide Plaintiff with an adequate post deprivation remedy process. *See Klein v. McClaury*, 2000 WL 1005238, at *2 (10th Cir. 2000) (unpublished). Plaintiff does not allege that the grievance procedure was inadequate; he merely states that he filed a grievance. (Doc. # 3 at 3.) The facts alleged by Plaintiff do not demonstrate that these grievance procedures were faulty or unresponsive. Therefore, the Court finds that Plaintiff's pleadings do not overcome the presumption of adequacy and, thus, fail to state a takings claim. *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir. 1991).

2. <u>Plaintiff's Claims for Compensatory Damages are Barred by the PLRA</u>**.**

Defendants' second argument is that 42 U.S.C. § 1997e(e) bars Plaintiff's claims for compensatory damages arising from mental and emotional injuries because he has not alleged a physical injury. (Doc. # 16 at 5.)

6

Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." The Tenth Circuit has stated that "regardless of the rights violated," this statute limits the available remedies "if the only injuries are mental or emotional." *Searles v. VanBebber*, 251 F.3d 869, 876 (10th Cir. 2001). However, section 1997e(e) bars neither punitive nor nominal damages. *Id.* at 879, 881.

The Magistrate Judge found that Plaintiff's claims for compensatory damages are barred because he did not allege any physical injury. (Doc. # 22 at 6.) Plaintiff objects. (Doc # 29.) He states that his claim is not based on any emotional injury and, thus, compensatory damages are not barred. (*Id.,* ¶ 12.) He claims instead that he is seeking compensatory and punitive damages for being deprived of property by Defendant Reynolds in retaliation for filing a grievance. (*Id.,* ¶ 14.) The property for which he is seeking compensation is a family photo album and a book containing his grandfather's obituary. (Doc. # 3 at 10, 5.) Plaintiff seeks $50,000 in compensatory damages for these losses. (*Id.* at 10.) Although Plaintiff states he is not seeking emotional damages, the Court finds that he is. (Doc. #29, ¶ 12.) Plaintiff states that his grandfather "was dear to [him]" and that he "[has] not seen [his] family in a decade." (Doc. # 3 at 5.) Thus, the Court, construing Plaintiff's pleadings liberally, concludes that Plaintiff is seeking compensation for the emotional damages he suffered because of the alleged retaliation by Defendant Reynolds. However, he has not alleged any physical

7

injury, as required by 42 U.S.C. § 1997e(e).  Therefore, the Court finds that Plaintiff's claim for compensatory damages for emotional injuries is barred.

       3.      <u>Failure to State a Claim Against Defendants Leyba and Filer</u>

Defendants' third argument is that Plaintiff's complaint did not state a claim against Defendants Leyba and Filer because he did not allege any facts that showed that they personally participated in the alleged constitutional violations.  (Doc. # 16 at 6.)

In order for governmental officials to be liable for unconstitutional actions under 42 U.S.C. § 1983, they must have violated the constitution through their "own individual actions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948.  Government officials are not automatically "vicariously liable for the misconduct of their subordinates."  *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006).  The supervisor has to be "personally involved in the constitutional violation" to be liable under section 1983.  *Id.* (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006)) (internal quotations omitted).

The Magistrate Judge found that Plaintiff Allen did not allege the necessary link between Defendants Leyba and Filer's conduct and the alleged constitutional violations by Defendant Reynolds.  (Doc. # 22 at 8-9.)  Plaintiff alleges that Defendants Leyba and Filer should be liable because he sent Defendants Leyba and Filer a "declaration." (Doc. # 3 at 6.)  However, in the Tenth Circuit, denying a grievance or receiving correspondence does not establish the personal participation required to trigger personal liability under 42 U.S.C. § 1983.  *See Gallagher v. Shelton*, 587 F.3d 1063,

8

1069 (10th Cir. 2009); *Davis v. Ark. Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. 2004) (unpublished). Thus, this Court finds that Plaintiff has not stated a valid claim against Defendants Leyba and Filer.

Defendants' fourth argument is, alternatively, that Plaintiff has failed to state an Eighth Amendment claim against Defendants Filer and Leyba. (Doc. # 16 at 11.) However, Plaintiff asserts that he is not making an Eighth Amendment claim against these defendants. (Doc. #29, ¶ 8.) As such, the Court need not address Defendants' fourth argument for partial dismissal.

**C. CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff's objections (Doc. # 29) are OVERRULED. The March 15, 2010 Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 22) is ACCEPTED and Defendants' Motion for Partial Dismissal (Doc. #14) is GRANTED as follows:

1. Plaintiff's Fourteenth Amendment claim, as stated in Claim One against Defendant Reynolds, is DISMISSED WITH PREJUDICE;
2. Plaintiff's compensatory damages claims for emotional injury are BARRED; and
3. Plaintiff's "failure to supervise" claims, as stated in Claim Two against Defendants Leyba and Filer, are DISMISSED WITH PREJUDICE.

Therefore, Plaintiff's sole surviving claim is the First Amendment retaliation claim as stated in Claim One against Defendant Reynolds, which the Defendants did not

9

challenge. Plaintiff may seek to recover only punitive and nominal damages against Defendant Reynolds.

DATED: June   14  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge