IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02605-CMA-MJW

SHAWN D.  ALLEN,

Plaintiff,

v.

R.  REYNOLDS,

Defendant.

---

## RECOMMENDATIONS ON
**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (Docket No. 59)
and
PLAINTIFF'S REQUEST FOR EXPEDITED CONSIDERATION (Docket No. 61)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order Referring Case entered by Judge Christine M. Arguello on November 17, 2009 (Docket No. 8).

Pursuant to Judge Arguello's Order of June 14, 2010 (Docket No. 32), the sole remaining claim in this case is the First Amendment retaliation claim as stated in Claim One against defendant Reynolds for which plaintiff may seek to recover only punitive and nominal damages.  That claim concerns Reynolds' alleged retaliation when he filed a disciplinary charge against plaintiff, allegedly because plaintiff filed complaints against Reynolds and made verbal threats to sue.

Now before the court is the plaintiff's motion for a temporary restraining

order ("TRO") (Docket No. 59) and letter request, which has been construed as a

motion, for expedited consideration of the motion for a TRO (Docket No. 61).

Plaintiff asks the court "to order the Correctional Management Incorporated - "CMI

- Columbine" (a private for profit community corrections center) to return all legal

property to me.  CMI possesses my 100 pound legal box which contains vital

documents: trial evidence, legal writings etc necessary to litigate the above case

as well as others before her honor."  (Docket No. 59 at 1).  Plaintiff claims the

following in this motion.  While he was at CMI Columbine on January 18, 2011, he

felt his living conditions were unsafe because he had been verbally threatened, a

gun had been pointed at him, and the half-way house was in a "run down" section

of Denver's east side.  On January 20, 2011, the staff called the police and had

plaintiff taken to jail where he has been ever since.  His transfer was allegedly

done in response to two grievances he filed against CMI on January 18, 2011,

about the lack of safety.  His requested remedy was to be moved to a different

half-way house.  Copies of his grievances were mailed to the Community

Corrections Division on January 18, 2011.  Plaintiff implores the court to order the

Community Corrections Office to secure his legal box because if he is deprived of

every single piece of legal property, all of his cases would be severely prejudiced.

A TRO "or preliminary injunction is extraordinary relief."  Statera, Inc. v.

Henrickson, 2009 WL 2169235, *1 (D. Colo. July 17, 2009).  Injunctive relief should be

granted only when the moving party clearly and unequivocally demonstrates its

necessity.  See Schrier v. University of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005).  In

the Tenth Circuit, the party requesting injunctive relief must establish that: (1) the party

will suffer imminent and irreparable injury unless the injunction issues; (2) the

threatened injury outweighs whatever damage the proposed injunction may cause the

opposing party; (3) the injunction, if issued, would not be adverse to the public interest;

and (4) there is a substantial likelihood of success on the merits.  Id.  "In addition to the

foregoing factors, a party seeking a [TRO] also must demonstrate clearly, with specific

factual allegations, that immediate and irreparable injury will result absent a temporary

restraining order."  Statera, 2009 WL 2169235, *1.

        Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro

se complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a pro se litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. California State

Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113

F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations

to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake

v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not

"construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  "The plaintiff's pro se status does not entitle him to application of

different rules." <u>Wells v. Krebs</u>, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

This court recommends that the plaintiff's motion be denied.  First, plaintiff has

not established a relationship between the injunctive relief sought and the underlying

First Amendment claim other than his concern that his legal papers related to this claim

are in the box of papers that have not yet been delivered to him by a non-party.  "A

preliminary injunction is . . . appropriate to grant intermediate relief of the same

character as that which may be granted finally."  <u>De Beers Consol. Mines v. United

States</u>, 325 U.S. 212, 220 (1945).  Plaintiff here, however, seeks relief on "a matter

lying wholly outside the issues in [his] suit."  <u>Id.</u>  Plaintiff's request to require that his

legal papers be delivered to him immediately bears at most a tangential relationship to

this case and has no relation to the actual merits of his remaining First Amendment

claim against defendant Reynolds.  <u>See</u> <u>Hicks v. Jones</u>, 332 Fed. Appx. 505 (10th Cir.

June 17, 2009) (preliminary injunction and TRO properly denied when the request for

such relief bore no relation to the merits of the inmate's deliberate indifference claim).

This court finds that the handling of the plaintiff's legal papers by an unrelated

corrections facility is a separate and distinct claim that plaintiff should be required to

exhaust, rather than attempting to attach it to the First Amendment claim raised in this

case.  Furthermore, plaintiff's motion for a TRO is dated only nine days after his transfer

from the half-way house to a local jail, and there is no indication that his box of legal

papers will not make its way to him at his current location in due course.  Plaintiff has

thus not shown that he will suffer imminent and irreparable injury unless the injunction

issues.  In addition, the plaintiff seeks the TRO against non-parties, Correctional

Management Incorporated or Community Corrections Office.  This court does not have

jurisdiction over them.  See Winslow v. Leh, 577 F. Supp. 951, 952 (D. Colo. 1984)
(court is unable to enjoin entities or persons who are not parties to the action and over
whom the court has no jurisdiction).  "While the non-party status of an injunction's target
may . . . no longer be a conclusive impediment, it nevertheless heightens the hurdle that
must be cleared to obtain the injunction . . . ." Andrews v. Andrews, 2005 WL 3551173,
at *1 (10th Cir. Dc. 29, 2005).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's motion for a temporary restraining order
(Docket No. 59) be **denied**.  It is further

**RECOMMENDED** that the plaintiff's letter request, which has been construed
as a motion, for expedited consideration of the motion for a TRO (Docket No. 61),
be **denied as moot**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),
the parties have fourteen (14) days after service of this recommendation to serve
and file specific written objections to the above recommendation with the District
Judge assigned to the case.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy.  The District Judge need
not consider frivolous, conclusive, or general objections.  A party's failure to file
and serve such written, specific objections waives *de novo* review of the
recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53
(1985), and also waives appellate review of both factual and legal questions.
Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

6

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  February 4, 2011                    s/ Michael J. Watanabe
        Denver, Colorado                    Michael J. Watanabe
                                            United States Magistrate Judge