**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02605-WJM-MJW

SHAWN D. ALLEN,

    Plaintiff,

v.

R. REYNOLDS,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING APRIL 28, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

    This matter is before the Court on the April 28, 2011 Recommendation by the Magistrate Judge that Defendant's Motion for Summary Judgment (ECF No. 50) be granted.  (ECF No. 97.)  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

    For the reasons stated below, the Magistrate Judge's Recommendation is AFFIRMED and Defendant's Motion for Summary Judgment is GRANTED.

### I.  LEGAL STANDARD

    When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In considering the Magistrate Judge's Recommendation in the instant case, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The analysis to be applied on a motion for summary judgment differs depending on whether the moving party is also the party with the burden of proof at trial. Where, as here, the non-movant bears the burden of proof at trial, the non-movant must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

## II.  BACKGROUND

This case involves 68 photos that were seized from Plaintiff's cell during his transfer between prison facilities. (ECF No. 54 at 1-2.) Plaintiff contends that the photos were seized by Defendant in retaliation for Plaintiff filing grievances against Defendant. (*Id.*) Defendant contends that he packed up Plaintiff's belongings when Plaintiff was transferred to another facility and turned them over to the property sergeant, who then made the decision to retain Plaintiff's photos because Plaintiff could not produce a property receipt for the album in which the photos were held. (ECF No.

67 at 6-8.)

The Magistrate Judge found that Plaintiff had failed to show a genuine dispute of material fact with respect to whether the seizure of Plaintiff's photos was caused by Defendant's retaliatory motive, and as a result recommended that summary judgment be granted in favor of Defendant on Plaintiff's sole remaining claim of retaliation in violation of his First Amendment rights. (ECF No. 97 at 14-15.) As Plaintiff has objected to this Recommendation, the Court will review it *de novo*.

### III. ANALYSIS

Plaintiff asserts a claim for retaliation in violation of his First Amendment rights. "A prisoner claiming retaliation for exercising First Amendment rights must show that a retaliatory motive was the but-for cause of the challenged adverse action." *Strope v. McKune*, 382 F. App'x 705, 710 (10th Cir. 2010). Thus, to defeat Defendant's summary judgment motion, Plaintiff must show not only that retaliation played a role in the confiscation of his photos but that "such retaliation was the decisive factor—that but for retaliation" Plaintiff's photos would not have been confiscated. *Id*. Thus, evidence discrediting or impuning Defendant's alternative explanation for the seizure of Plaintiff's photos—that they were contained in an album for which Plaintiff could not produce a property receipt—is crucial. *Id*.

The Court has reviewed the entire record and can find no evidence discrediting Defendant's assertion that the property clerk retained Plaintiff's photos because they were in an unauthorized album. Plaintiff has not asserted that he had a property receipt for the album or that he was not required to have a property receipt. Plaintiff questions

whether Defendant ever gave the photographs to the property clerk but provides no evidence to support this assertion.

Plaintiff argues that he is entitled to a trial in this case because he has shown factual disputes with respect to whether Defendant followed certain prison regulations in packing his cell. (Pl.'s Obj. (ECF No. 108) pp. 1-4.) For example, Plaintiff asserts that there is a dispute with respect to whether Defendant packed up Plaintiff's cell by himself or with another guard—as required by regulation. (*Id*. at 2.) He also alleges a dispute of fact as to whether Defendant violated procedure by failing to fill out an inmate property form when Plaintiff's cell was packed for transfer. (*Id*. at 1-2.)

The Court finds that these factual disputes do not warrant a trial because they are not material to the claim at issue here, *i.e.* whether Plaintiff's photographs were seized in retaliation for the exercise of his First Amendment rights. A fact is "material" if it pertains to an element of a claim or defense, *Anderson*, 477 U.S. at 248, and showing that the Defendant violated a prison regulation is not an element of the retaliation claim Plaintiff here asserts.[1] Even if the Court assumes that Defendant violated prison regulation by packing up Plaintiff's cell alone and failing to complete an inmate property inventory form, Plaintiff still has not shown that Defendant's retaliatory motive was the but for cause of Plaintiff's photographs being confiscated.

Plaintiff also objects to a number of the Magistrate Judge's factual findings. Plaintiff contends that the Magistrate Judge erroneously credited Defendant's "self-

---

[1] The Court notes that generally a violation of a prison regulation in and of itself does not implicate a constitutional right. *See Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002).

5

serving" affidavits filed in support of the Motion for Summary Judgment. (Pl.'s Obj. at 3.) However, Defendant's affidavits are both sworn and notarized and set forth facts of which Defendant had personal knowledge and which would be admissible at trial. (ECF Nos. 50-1 & 67-1.) As such, Defendant's affidavits were properly considered in support of his Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c)(4). That the affidavits contained facts beneficial to Defendant and harmful to Plaintiff is no surprise, nor is it— without more—reason to discredit them. After Defendant filed his affidavits, the burden was on Plaintiff to come forward with contrary evidence establishing a genuine dispute as to these facts. Plaintiff has not done so. The Court cannot disregard Defendant's evidence merely because Plaintiff claims it is "self-serving."

Plaintiff bears the burden of proof at trial with respect to showing that Defendant's retaliation was the but for cause of the seizure of his photographs. *See Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). "Where the nonmovant will bear the burden of proof at trial on a dispositive issue, . . . he must got beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999). Plaintiff has failed to meet his burden in this case. Because Plaintiff has not shown a triable issue with respect to the fact that his photos would not have been seized but for Defendant's retaliation, and he bears the burden of proof at trial on this element, summary judgment is appropriate.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge's April 28, 2011 Recommendation is AFFIRMED. Defendant's Motion for Summary Judgment is hereby GRANTED and Plaintiff's remaining claim is DISMISSED WITH PREJUDICE. All current Court settings are hereby VACATED, and all other motions pending in this action are DENIED as moot. The Clerk shall enter judgment in favor of Defendant.

Dated this 3rd day of June, 2011.

BY THE COURT:

William J. Martínez
United States District Judge