**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-02605-WJM-MJW

SHAWN D. ALLEN,

 Plaintiff,

v.

R. REYNOLDS,

 Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

 This matter is before the Court on Plaintiff's June 9, 2011 Motion for Reconsideration. (ECF No. 115.) Plaintiff asks the Court to reconsider its Order granting Defendant's Motion for Summary Judgment and the subsequent entry of judgment in favor of Defendant. (ECF Nos. 113 & 114.)

 A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff does not specify in the instant Motion whether he is seeking relief pursuant to Rule 59(e) or Rule 60.

 A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). Because the instant Motion was filed within the twenty-eight day deadline for a Rule 59(e) motion, the Court will

consider it as such. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within temporal limit for a Rule 59(e) motion should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Federal Rules of Civil Procedure do not offer an opportunity for a party to reargue its case after the court has rendered a decision. *Id.* (holding that a party moving to reconsider a prior ruling should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see also All West Pet Supply Co. v. Hill's Pet Products Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Here, Plaintiff argues that the Court erred by making factual findings that relied on Defendant's "self-serving affidavit." Plaintiff also argues that he has demonstrated material factual disputes that preclude summary judgment. (ECF No. 115.) The arguments made by Plaintiff in the instant Motion to Reconsider mirror those set forth in his Objections to the Magistrate Judge's Recommendation that Defendant's Motion for Summary Judgment be granted. (*Compare* ECF No. 108 to 115.) In adopting the Magistrate Judge's Recommendation and granting summary judgment, the Court already considered those arguments and found them unpersuasive. (*See* Order Adopting and Affirming Recommendation of United States Magistrate Judge (ECF No.

113) pp. 4-6.)

Because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Plaintiff's Motion for Reconsideration is DENIED.

Dated this 13th day of June, 2011.

BY THE COURT:

William J. Martinez
United States District Judge